UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MARK FULTZ**,<br><br>Plaintiff,<br>v.<br><br>**77 GRANDVILLE, INC.,** a Michigan Corporation for Profit,<br><br>And<br><br>**GRAND WOODS, LLC,** a Michigan limited liability company,<br><br>Defendants. | Case No. 1:26-cv-2332<br><br>Judge: |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff, Mark Fultz, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant 77 Grandville, Inc., a Michigan Corporation for Profit, and Defendant Grand Woods, LLC**,** a Michigan limited liability company, for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Mark Fultz, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the

American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq*.; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

**PARTIES**

4. Plaintiff, Mark Fultz ("Plaintiff") is a Florida resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Grand Woods, LLC is the owner of real estate located at 77 Cesar E. Chavez Ave SW, Grand Rapids, MI 49503 in Kent County. Plaintiff has patronized Defendant's real property previously as a place of public accommodation.

6. Defendant 77 Grandville, Inc. operates and owns a business located at 77 Cesar E. Chavez Ave SW, Grand Rapids, MI 49503 in Kent County which is a restaurant known as Grand Woods Lounge. Plaintiff has patronized Defendant's restaurant previously as a place of public accommodation.

7. The facilities and business owned and operated by Grand Woods, LLC and 77 Grandville, Inc. are non-compliant with the remedial provisions of the ADA. As Defendants owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' facilities and business as a restaurant and place of public accommodation fail to comply with the ADA and its regulations, as also described further herein.

8. The restaurant owned and operated by the Defendants was originally built by the Defendants (or Defendants predecessor) commencing in 2005 and granted permits for occupancy in 2005 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered

facilities. Full compliance with the 1991 ADAAG Standards or 2010 ADA Standards implementing regulations of the ADA is required for this hotel as applicable unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

9. Mr. Fultz is an individual who, as a result of a stroke, is paralyzed on the right side of his body. He uses a manual wheelchair for mobility and can occasionally walk short distances with the use of a cane.

10. Raised in Michigan, Mr. Fultz has relatives including his son, daughter, grandchildren, and cousins in suburban Detroit. His son lives and works in Ann Arbor while his daughter resides between Ann Arbor and Detroit.

11. Plaintiff frequents Michigan to visit his family and takes vacations together with them. This has included many establishments in the Grand Rapids, Michigan area and the Kent County region. Mr. Fultz has been a dining customer at the property that forms the basis of this lawsuit.

12. During the Plaintiff's visit most recently on May 15, 2025, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with

respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the restaurant and its amenities without fear of discrimination.

14. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendants have discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the Grand Woods Lounge, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes

A. The ramp to the entrance lacks required handrails on both sides, in violation of the ADA and Section 405.8 of the 2010 Standards and 1991 ADAAG Section 4.8.5, whose remedy is strictly required or, at minimum, readily achievable.

B. The ramped entrance lacks required maneuvering clearance at the latch side, in violation of the ADA and Section 404.2.4 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

C. There is no accessible route to the picnic table due to the presence of steps, in violation of the ADA and Sections 206.2.2 and 402.2 of the 2010 Standards and 1991 ADAAG section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

D. There is no accessible route between the restaurant and the outside concrete area due to the presence of steps, in violation of the ADA and Sections 206.2.2 and 402.2 of the 2010 Standards and 1991 ADAAG section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

E. The bar(s) does not have a lowered sitting or standing dining surface or service transaction counter portion for use by customers who use wheelchairs, in violation of the ADA and section 904.4 of the 2010 Standards and 1991 ADAAG section 5.2, whose remedy is strictly required or, at minimum, readily achievable.

F. The patio area lacks required accessible dining surfaces, in violation of the ADA and Section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or, at minimum, readily achievable.

G. Raised booths, high-top tables, and tables with obstructed clear floor space mean there are no accessible dining surfaces for customers who use wheelchairs, in violation of the ADA and Section 902 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Restrooms

H. Signage on the restrooms lacks the international symbol of accessibility, is located in excess of required height and not on the latch side of the door, in violation of the ADA and section 216.8 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

I. The toilet paper dispenser in the men's restroom accessible toilet compartment is located a significant distance in excess outside of compliant range and is not mounted 7 inches minimum and 9 inches maximum in front of the toilet measured to the centerline of the dispenser as required, in violation of the ADA and Section 308.2 and 609.3 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

J. The toilet side grab bar in the men's restroom accessible toilet compartment is out of compliance, is not 42 inches long minimum and does not extend 54 inches minimum from the rear wall, in violation of the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.16.4 whose remedy is strictly required or at minimum is readily achievable.

K. The men's restroom lavatory lacks required 30 inches minimum clear floor space to approach due to partitions and a trash receptacle, in violation of the ADA and Sections 606.2, 305.3 of the 2010 Standards and 1991 ADAAG Section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

L. The men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

M. The men's restroom lowered accessible urinal lacks required clear floor space for wheelchair users to approach in violation of the ADA and section 605.3 of the 2010 Standards and 1991 ADAAG section 4.18.3, whose remedy is strictly required or, at minimum, readily achievable.

N. The men's restroom paper towel dispenser is mounted too high and out of the maximum reach range of 48" to its operable parts above the finished floor, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at

minimum, readily achievable

O. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

17. The discriminatory violations described in Paragraph 16 by Defendant Grand Woods, LLC and Defendant 77 Grandville, Inc. are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendants' place of public accommodation and facilities in order to document, photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The restaurant at issue, as owned and operated by Grand Woods, LLC constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility readily accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this restaurant unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of

maintaining this action.

**COUNT II**
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L. § 37.1301 *et seq*.**

23. Plaintiff restates the allegations of ¶¶1-23 as if fully rewritten here.

24. Grand Woods, LLC owns or operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

25. Defendant committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Mr. Fultz and others with mobility impairments access to several areas of the property that non-disabled customers are able to enjoy.

26. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this restaurant unless it would be structurally impracticable or at minimum to make such

readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
Email: obdjr@owendunnlaw.com